# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

IN RE                    )

)     **Case No. 08-12687-CSS**

**DBSI INC.**, *et al.*,       )

)     **Chapter 11**

          **Debtors.**    )

_____  )

)

**JAMES R. ZAZZALI, as Litigation** )
**Trustee for the DBSI Estate**     )
**Litigation Trust,**          )

)

          **Plaintiff,**     )

)

v.                     )     **Adv. No. 12-06056-TLM**

)

**MARTY GOLDSMITH and JOHN** )
**DOE 1-10,**              )

)

          **Defendants.**    )

_____  )

## MEMORANDUM OF DECISION

_____

     On November 3, 2015, the Court entered an order denying a motion of

James R. Zazzali, Trustee of the DSBI Estate Litigation Trust ("Plaintiff") for

summary judgment and ordering Plaintiff and Defendant Marty Goldsmith

("Defendant") to engage in mediation and report the results of that mediation to

the Court in March 2016.  Doc. No. 157.  On March 14, 2016, the mediator,

Walter H. Bithell, filed a report.  Doc. No. 158.  Mr. Bithell's report indicated,

among other things, that "The parties did not conclude the mediation by the

MEMORANDUM OF DECISION - 1

Court's March 4, 2016, deadline, but the mediation is ongoing as the parties are continuing to negotiate." He also noted that the parties had arrived at an "agreed course of action" to resolve the remaining issue, and that "The dispute will likely be resolved if the parties are able to successfully implement the agreed course of action." Mr. Bithell recommended that "the parties be allowed to continue the mediation process."

On May 27, 2016, Plaintiff filed a "motion to enforce settlement," Doc. No. 159 ("Motion"). Plaintiff contends that an agreement of settlement had been reached and that a "term sheet" executed by the parties memorialized what was intended to be an enforceable settlement agreement. Plaintiff supported the Motion with an affidavit and several exhibits. Defendant responded with motions regarding the hearing to be held on Plaintiff's Motion, and regarding the use of mediation and post-mediation communications in response to the Motion. At a June 14 hearing, following colloquy with counsel, the Court ruled that the Motion and opposition would be submitted on the written record without further hearing. Defendant was allowed to, and did, file additional materials on June 17. Doc No. 169. Plaintiff was allowed to and did, respond on June 27. Doc. No. 170.

The Court has reviewed all the materials submitted, and this Decision resolves the Motion.

**DISCUSSION AND DISPOSITION**

The essence of the successful portion of the mediation was the parties'

MEMORANDUM OF DECISION - 2

decision to allow two totally independent MAI certified appraisers, selected by Mr. Bithell, to value the subject real property at issue as of December 31, 2006. The parties would split the cost of the appraisers. If the average of the appraisers' values is greater than or equal to $28,400,000, Plaintiff agreed to dismiss the action with prejudice. If the average of the appraisers' values is less than that figure, Defendant agreed to pay the difference between that average and $28,400,000. Payment would be required within 120 days. A form of consent judgment would be executed by Defendant and held by Mr. Bithell, who would be authorized to fill in the amount of that difference and submit it to the Court should the agreed amount not be timely paid. Doc. No. 159-3 ("Term Sheet" executed January 12, 2016).

This agreement is logical, indeed elegant. It would resolve what has been, and clearly would continue to be, highly expensive, complicated and contentious litigation. Mr. Bithell, the parties and their counsel should be complemented on arriving at that settlement structure.

The problem, though, is signaled by Mr. Bithell's advice in his report that there remained an "agreed course of action" that also had to be successfully completed and implemented. The parties had agreed in their Term Sheet that the two appraisers would be given an "instruction sheet" in a form to be agreed to by the parties by February 3, 2016. To meet that desired timing, Defendant was to provide a draft to Plaintiff by January 19, and Plaintiff was to respond by January

MEMORANDUM OF DECISION - 3

26. "Thereafter, the Parties will continue to confer to resolve any disagreements regarding the form of the instruction sheet, with the assistance of the Mediator as needed." *Id.*

That prompt resolution of the open issue did not occur. The Court will not belabor what the parties have provided. In short, Plaintiff believes Defendant was attempting to turn the instruction sheet into an advocacy piece that would steer the appraisers to Defendant's view of value by including in or attaching to the instruction sheet other material (a list of property sales, with increasingly detailed commentary, for the appraisers to consider in rendering their analysis and opinions). While Plaintiff initially tried to accommodate some of Defendant's suggestions and the use of some form of summary sales list, it ultimately refused to go along with Defendant's serially proposed changes and additions to that list. Plaintiff then filed the Motion, contending that an enforceable settlement contract had been reached under Idaho law, and that Defendant should be held to it.

The parties are in general agreement with the applicable law in Idaho as to the requirements for the formation and enforcement of contracts, including settlement agreements.[1] Where they disagree is whether those requirements are met here.

In evaluating all that has been submitted, the Court concludes that there was

---

[1] For that reason, the Court will not recite them again here. The case law is adequately set out in the briefing.

MEMORANDUM OF DECISION - 4

not a final and enforceable contract of settlement.  There was a material term (the

form of instruction sheet) that remained to be negotiated after execution of the

Term Sheet.  The Term Sheet tried to set a prompt deadline for closing that

remaining open issue.  And it indicated that Mr. Bithell would assist the parties, as

needed, if they could not resolve disagreements as to the form and content of the

instruction sheet.

Mr. Bithell's mediation report is consistent with the conclusion that a final

and enforceable agreement was not formed.  It expressly states that the mediation

did not conclude but instead was "ongoing" and the parties still negotiating.

The Court concludes that the Motion must be denied.  The obvious question

that conclusion raises is what should now be done in this adversary proceeding.

As noted, the Court is impressed with the substantial progress made toward a

negotiated resolution.  The efforts of Mr. Bithell, and the parties' and their

counsel, have had real and tangible benefit.  The overall approach to resolution has

significant merit.  It would be a shame if the debate over the form of instruction

sheet proves to be its undoing.

The Court will order the parties to continue with their mediation, using Mr.

Bithell's valuable services, as soon as reasonably practicable.  Since all issues

other than the form of the instruction sheet have been resolved, that remaining

aspect should not take an inordinate amount of time to address once the parties can

schedule the needed sessions and assuming that they negotiate in good faith to

MEMORANDUM OF DECISION - 5

overcome the remaining obstacle.  The Court will therefore order that a report on the mediation be filed not later than 90 days after the entry of the Order on today's Decision.

DATED:  June 28, 2016

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 6