# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 08-12687-CSS |
| DBSI INC., *et al.*, ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAMES R. ZAZZALI, as Litigation ) | |
| Trustee for the DBSI Estate ) | |
| Litigation Trust, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. No. 12-06056-TLM |
| ) | |
| MARTY GOLDSMITH and JOHN ) | |
| DOE 1-10, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM OF DECISION
_____

Before the Court is a request for evidentiary rulings on the admissibility of the deposition testimony of two deponents, as well as the admissibility of the exhibits used during each individuals. During the case, the parties agreed to admit

MEMORANDUM OF DECISION - 1

into evidence the depositions *de bene esse* of Michael Attiani ("Attiani") and Merriah Harkins ("Harkins"), both of whom were geographically outside the reach of the Court's subpoena power. Doc. Nos. 291, 314. The parties also agreed to preserve objections to the deposition testimony for trial. *Id.*

Harkins' deposition was taken on July 22, 2014, in an earlier, related federal case.[1] On February 12, 2018, Plaintiff designated portions of Harkins' deposition to be made part of the record and, again, implicitly requested admission into evidence of certain exhibits used during that deposition. Doc. No. 314. In response, Defendant objected to some of Plaintiff's designations and requested the cross-designation of cross-examination testimony. Doc. No. 325. Plaintiff then filed supplemental designations, but did not object to any of Defendant's cross-designations. Doc. No. 352.

Attiani's deposition was taken on October 18, 2017, during the course of the present proceeding. Doc. No. 291-1. On January 29, 2018, Plaintiff designated portions of Attiani's deposition testimony to be made part of the record and implicitly requested that certain exhibits relied upon by Attiani during the deposition be admitted into evidence. Doc. No. 291. In response, on February 12, 2018, Defendant objected to several of Plaintiff's designations and exhibits and

---

[1] *Zazzali v. Eide Bailly,* U.S. District Court, District of Idaho, Case No. 1:12-CV-00349-S-MJP.

MEMORANDUM OF DECISION - 2

requested cross-designation of cross-examination testimony, as well as admission into evidence of other exhibits used during the deposition. Doc. No. 316. Plaintiff responded by filing supplemental designations and objections to the Defendant's cross-designations. Doc. No. 323. Defendant then responded to Plaintiff's objections to the cross-designations. Doc. No. 326.

Having considered the requests and objections under applicable law, this Decision sets forth the Court's rulings on the admissibility of the deposition testimony of Attiani and Harkins and the admissibility of the underlying exhibits supporting that testimony. Rules 7052; 9014.[2]

## DISCUSSION AND DISPOSITION

In light of the volume and detail of the objections to the deposition designations and exhibits under consideration here, the Court begins by addressing the evidentiary rules and procedures applied to determine the admissibility of each designation and exhibit. The Court's ruling on each designation and request for admission is attached in the form of spreadsheets as Exhibits 1 and 2.

### A.   Legal Standards

#### 1.     Depositions *de bene esse*

The use of depositions in an adversary proceeding is governed by Civil

---

[2] References to "Rule" are to the Federal Rules of Bankruptcy Procedure and references to "Civil Rule" are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION - 3

Rule 32, which is incorporated by Rule 7032. The deposition of a witness who is unavailable for trial because the witness is more than 100 miles from the trial location may be used for any purpose. Civil Rule 32(a)(4)(B). "A deposition lawfully taken and, if required, filed in any previous federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in a later action." Civil Rule 32(a)(8). If a party only offers part of a deposition into evidence, an adverse party may request the introduction of other parts of the deposition as fairness requires. Civil Rule 32(a)(6).

### 2. Relevance

A court's decision to admit or exclude evidence from the record is necessarily informed by its duty to construe the rules of evidence so as to "administer every proceeding fairly [and] eliminate justifiable expense and delay . . . to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. Relevant evidence relates to a "fact of consequence in determining the action" and "has any tendency to make [that] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Courts have discretion to exclude even relevant evidence if its probative value is outweighed by a danger of, among other things, unfair prejudice, confusion, misleading the jury, undue delay, or waste of time. Fed. R. Evid. 403.

MEMORANDUM OF DECISION - 4

In a bench trial, "the risk that a verdict will be affected unfairly and substantially by the admission of irrelevant evidence is far less than in a jury trial." *EEOC v. Farmer Bros. Co.*, 31 F.3d 891 (9th Cir. 1994). Federal Rule of Evidence 403 assumes that a trial judge is able to discern and weigh the improper inferences from certain evidence and to exclude those improper inferences from his mind in reaching a decision. *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981). Accordingly, the Court will weigh and determine the relevance of *all* evidence, excluding improper inferences based on irrelevant evidence, in issuing its final decision. As such, the relevance objections registered by each party in regard to the subject depositions will be overruled, much as their relevance objections were at trial.

### 3.     Foundation

Evidence offered by a party must have a proper foundation. Fed. R. Evid. 602. Non-expert witnesses may testify to matters only after "evidence [has been] introduced sufficient to support a finding that the witness has personal knowledge of the matter." *Id.* Personal knowledge is "knowledge produced by the direct involvement of the senses." *United States v. Lopez*, 762 F.3d 852, 863 (9th Cir. 2014). The Court has applied these rules in deciding whether to sustain or overrule each objection based on a lack of foundation.

MEMORANDUM OF DECISION - 5

### 4. Hearsay

Hearsay is an out of court statement that a party offers to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay statements are inadmissible unless an exception based on federal statute, the Federal Rules of Evidence, or a Supreme Court rule, provides otherwise. Fed. R. Evid. 802. Federal Rules of Evidence 803 and 804 provide a list of exceptions to the rule against hearsay. The Court has applied these hearsay rules, as well as all other applicable Federal Rules of Evidence, in determining whether to sustain or overrule each hearsay objection.

### 5. Post-Trial Admission of Exhibits and Testimony Based on Exhibits

After a final pretrial conference, the court issues an order which finalizes the "plan to facilitate the admission of evidence." Fed. R. Civ. P. 16(e). This final pretrial order can be modified to prevent manifest injustice. *Id.* Here, the pretrial order memorialized the Court's power to "enter such orders concerning exhibits and witness lists as may be necessary or appropriate[.]" Doc. No. 186.

The parties had an opportunity to request admission of exhibits into evidence throughout Phase I and Phase II of trial. The parties entered a final stipulation on the admission of exhibits on March 2, 2018, the last day of trial. Doc. No. 346. Evidence closed at the conclusion of trial on March 2, 2018. Doc.

MEMORANDUM OF DECISION - 6

No. 347.  Accordingly, the exhibits admitted into evidence in this trial consisted only of those (1) admitted prior to the close of evidence, or (2) admitted by stipulation of the parties.  As such, all requests for post-trial admission of exhibits not previously admitted will be denied.

As the attached Exhibits demonstrate, some of the deposition testimony designated to be made part of the record by each of the parties relies on exhibits that were *not* admitted into evidence.  Doc. Nos. 291, 314, 316, 323, 325, 352.  To the extent the deposition testimony of Attiani and Harkins can only be understood by reference to exhibits not in evidence, such testimony shall not be admitted into the record as detailed in Exhibits 1 and 2.  Other testimony that stands alone without reference to exhibits not in evidence, and is otherwise admissible, will be admitted into the record as detailed in Exhibits 1 and 2.

### B.    Evidentiary Rulings

#### 1.    Harkins' Deposition

Phase II of trial started on February 26, 2018.  Doc. No. 336.  Pursuant to the Court's pretrial order, the deadline for filing deposition designations with the Court was no later than twenty-eight days prior to the commencement of trial, or January 29, 2018.  Doc. No. 186.  The deadline for filing objections to deposition designations was no later than fourteen days prior to the commencement of trial, or February 12, 2018.  *Id.*

MEMORANDUM OF DECISION - 7

Plaintiff's counsel submitted its designations of Ms. Harkins' deposition testimony on February 12, 2018, Doc. No. 314, thus failing to adhere to the filing deadline of January 29, 2018, outlined in the pretrial order. Doc. No. 186. However, no specific objection to this untimeliness was raised and the Court deems such an objection waived. The Court will thus address the specific designations and objections in order to complete the evidentiary record. The Court's findings regarding Harkins' deposition are reflected in Exhibit 1 to this Decision.

### 2. Attiani's Deposition

All designations and objections regarding Attiani's deposition were filed timely. The Court has considered Plaintiff's designations and objections, and Defendant's objections and counter-designations. The Court's findings regarding Attiani's deposition are reflected in Exhibit 2 to this Decision.

### CONCLUSION

The designated portions of Harkins' and Attiani's depositions to which no objection was raised are admitted.[3] Rulings on each specific objection to the designated portions of those depositions are provided in Exhibits 1 and 2 to this

---

[3] Ultimately, the effect of the admitted portions of the depositions is minimal, as the Court has found both to be of marginal value in addressing the issues related to this phase of trial, given the other evidence of record.

MEMORANDUM OF DECISION - 8

Decision.  A separate order will be entered.

DATED:  October 17, 2018



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 9