# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Delaware Case No. 08-12687** |
| DBSI, INC., et al, ) | |
| ) | **Chapter 11** |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JAMES R. ZAZZALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Adv. No. 12-06056-TLM** |
| ) | |
| MARTY GOLDSMITH, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# MEMORANDUM OF DECISION ON
# PLAINTIFF'S MOTION, DOC. NO. 358

_____

## INTRODUCTION

On October 17, 2018, this Court issued a Memorandum of Decision (the

"Decision") containing its findings of fact, conclusions of law following Phase II

of the trial in the instant adversary proceeding.  Doc. No. 357.[1]  In the Decision,

_____

[1] Phase I of the trial dealt with valuation of property referred to as the Tanana Valley

(continued...)

the Court found the defendant, Marty Goldsmith ("Goldsmith"), was liable under §§ 548 and 550[2] to the plaintiff, James Zazzali ("Zazzali"), for $2,900,258.54, and directed submission of a proposed form of judgment. *Id.* at 68.

On October 23, 2018, pursuant to Rules 7054 and 9013, Zazzali filed a motion for award of prejudgment interest and for entry of final judgment, seeking $4,054,282.00 in prejudgment interest in addition to the $2,900,258.54 determined to be due in the Decision. Doc. No. 358 ("Motion"). On November 8, 2018, Goldsmith objected to the Motion. Doc. No. 364. Zazzali replied to the objection on November 12, 2018. Doc. No. 365. On November 15, 2018, the Court held a hearing on the Motion and allowed Goldsmith to submit an untimely "Memorandum of Points and Authorities." Doc. No. 366. The Court also granted Zazzali leave to file a written reply, and that reply was filed on November 19, 2018. Doc. No. 368. Thereafter, the Court took the matter under advisement.

The Court has considered the briefing and oral argument, as well as the

---

[1](...continued)
Property and was resolved by this Court's November 8, 2017 oral ruling. Doc. Nos. 267, 268. Phase II dealt with the avoidability of transfers made to Goldsmith under §§ 548 and 544 and the extent to which Zazzali could recover from Goldsmith for the benefit of the bankruptcy estate under § 550.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all Rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all Civil Rule references are to the Federal Rules of Civil Procedure, Rules 1–86.

MEMORANDUM OF DECISION - 2

applicable law, and now issues the following decision resolving the Motion. Rules 7052, 9014.

**DISCUSSION AND DISPOSITION**

    **A.**    **Prejudgment Interest Standards**

The Bankruptcy Code does not explicitly provide for prejudgment interest. However, the Ninth Circuit has held that "courts may allow prejudgment interest even though the governing statute is silent." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1550 (9th Cir. 1989) (citing *Rodgers v. United States*, 332 U.S. 371, 373 (1947)); *accord Saccheri v. St. Lawrence Valley Dairy (In re Saccheri)*, No. 12-1269, 2012 WL 5359512, *12 (9th Cir. BAP Nov. 1, 2012).

As to "claims under § 548(a), '[t]he award of prejudgment interest in a case under federal law is a matter left to the sound discretion of the trial court. Awards of prejudgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole.'" *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800, 818 (9th Cir. 1994) (quoting *Purcell v. United States*, 1 F.3d 932, 942–43 (9th Cir. 1993)); *accord Friedkin v. Sternberg (In re Sternberg)* 85 F.3d 1400, 1408 (9th Cir. 1996); *Murrietta v. Fehrs (In re Fehrs)*, 391 B.R. 53, 76–77 (Bankr. D. Idaho 2008). "In bankruptcy proceedings, the courts have traditionally awarded prejudgment interest to a trustee who

MEMORANDUM OF DECISION - 3

successfully avoids a preferential or fraudulent transfer from the time demand is made or an adversary proceeding is instituted unless the amount of the contested payment was undetermined prior to the bankruptcy court's judgment." *Turner v. Davis, Gillenwater & Lynch (In re Inv. Bankers, Inc.)*, 4 F.3d 1556, 1566 (10th Cir. 1993); *see also Robinson v. Watts Detective Agency*, 685 F.2d 729, 742 (1st Cir. 1982) (determining that prejudgment interest was not appropriate in a case where the parties disputed the value of a transferred asset), *cert. denied*, 459 U.S. 1105, 1204 (1983).

To summarize, bankruptcy judges have broad discretion to award prejudgment interest in § 548 cases, but will normally not do so where the liability of the transferee is undetermined prior to entry of the Court's judgment and the imposition of prejudgment interest would be unfair or inequitable.

**B.     Arguments**

Zazzali contends $4,054,282.00 in prejudgment interest is appropriate as it is required to make the bankruptcy estate whole by compensating for the lost time value of money attributable to the transfer at issue. Doc. No. 358 at 3–4. Zazzali asserts (1) interest should accrue on the $2,900,258.54 from February 26, 2007, the date of the fraudulent transfer, and (2) Idaho Code §28-22-204[3] provides the

---

[3] Idaho Code § 28-22-104 provides:

"(1) When there is no express contract in writing fixing a different rate of interest, interest is
(continued...)

MEMORANDUM OF DECISION - 4

operative annual rate (12%). *Id*. Using these figures, Zazzali contends 4,252 days of prejudgment interest at $953.50 per day are due between February 26, 2007, and the date of the Decision on October 17, 2018, resulting in a total of $4,054,282.00. *Id.* at 4.[4]

Zazzali argues the facts of this case are similar to those of *Acequia*, and, as in *Acequia*, the amount of the "contested payment" was ascertainable at the time the avoidable transfer occurred. Doc. No. 365 at 3–4. Zazzali does acknowledge that unlike *Acequia*, where the transferee was a bad faith actor, Goldsmith was found to be a good faith transferee. *Id.* at 2 n.1. Even so, Zazzali contends the bankruptcy estate must be made whole with an award of prejudgment interest because it was deprived of the $2,900,258.54 for 4,252 days, and the critical inquiry is the impact of the transfer on the transferor's creditors.

On the other hand, Goldsmith argues prejudgment interest should not be awarded because the equities weigh in his favor. Doc. No. 364 at 2. First, Goldsmith notes that he acted in good faith with respect to the transfer and sale of the Tanana Valley Property. *Id.* Second, Goldsmith contends it is inequitable to

---

[3] (...continued)
allowed at the rate of twelve cents (12¢) on the hundred by the year on: . . . [m]oney after the same becomes due."

[4] Zazzali specifically requests interest through October 17, 2018, but, to date, no judgment has been entered. Generally, prejudgment interest would run up to the date of entry of judgment.

MEMORANDUM OF DECISION - 5

require him to pay interest on the judgment amount because the amount in controversy was not ascertainable prior to the Court's Decision. *Id.* at 2, 10–11. Third, Goldsmith asserts that an award of $4,054,282.00 in interest would be punitive. *Id.* at 15–16.

Alternatively, if this Court finds interest is due on the judgment, Goldsmith contends interest should (1) only accrue from the date the Decision was issued, on October 17, 2018, and (2) be calculated using a lower, federally-determined interest rate provided for by 28 U.S.C. § 1961. *Id.* at 16–20.

**C.    Analysis**

As noted, in some § 548 cases it is appropriate for courts to make aggrieved parties whole by awarding prejudgment interest from the time demand was made or the date of the commencement of an adversary proceeding. *See, e.g., Fehrs*, 391 B.R. at 76. However, prejudgment interest is not appropriate where the amount of the transferee's liability is not ascertainable prior to the court's judgment. In short, "Awards of prejudgment interest are governed by considerations of fairness[.]" *Acequia*, 34 F.3d at 818.

Zazzali claims a strict interpretation of *Acequia* requires the Court to award interest because the amount of the "contested payment" was clearly ascertainable as of the date of the transfer from DBSI to Goldsmith on February 26, 2007, and that it should not matter that Goldsmith's liability was determined only after (a)

MEMORANDUM OF DECISION - 6

valuation of the Tanana Valley Property and (b) consideration of Goldsmith's good-faith defenses. Thus, in Zazzali's view, to trigger an award of prejudgment interest, *Acequia* merely requires the amount of the transfers, not the final amount of a transferee's actual liability, to be ascertainable.

Zazzali's argument fails. In *Acequia*, the court awarded prejudgment interest because the amount of the "contested payment" or transfer equaled the ultimate amount of liability in that case and the transferee did not successfully raise any defenses on his behalf. Here, the liability amount was not similarly ascertainable because Goldsmith raised and successfully proved good-faith defenses, a crucial element in the determination of his ultimate liability.[5] The *Acequia* court awarded fees because the liability amount was clearly determinable prior to the court's judgment; that is not the case here. Moreover, this case is also distinct from *Acequia* because this Court found Goldsmith was a good faith transferee in the Tanana Valley transaction. This militates against an award of prejudgment interest.

Based on these distinctions, the Court finds that an award of prejudgment interest is not appropriate. This Court has substantial discretion to award prejudgment interest based on a balancing of the equities and in consideration of

---

[5] That defense also required determination of the value of the real property involved in the transaction, which only occurred at the time of the November 8, 2017 Phase I ruling.

MEMORANDUM OF DECISION - 7

fairness. Here, it would be inequitable to require Goldsmith, a good faith transferee, to pay prejudgment interest.[6]

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Award of Prejudgment Interest, Doc. No. 358, will be denied. A separate order will be entered.

DATED: November 21, 2018

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[6] Since the Court declines to award prejudgment interest, it is unnecessary to reach the issue of what interest rate might have applied under these circumstances.

MEMORANDUM OF DECISION - 8